FILED
 2012 Jan-09  PM 01:17
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| ANNA HALICKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CASE NO.: 5:11-cv-02453-SLB |
| | ) |
| JOHN KRUER AND | ) |
| PATRICIA CLAY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is currently before the court on defendants' Amended Motion to Dismiss. (Doc. 6.)[1] Upon consideration of the submissions of the parties and the relevant law, the court is of the opinion that defendants' Motion, (doc. 6), is due to be granted.

## FACTUAL BACKGROUND

Plaintiff, Anna Halicka ("plaintiff"), sued defendants John Kruer ("Kruer") and Patricia Clay ("Clay") (collectively the "defendants"), alleging that on July 6, 2007, Kruer "attacked" plaintiff at a medical facility in Grand Rapids Michigan. (Doc. 1 at 6.) Specifically, plaintiff claims that Kruer grabbed her by her arms and shook her "back and forth." (*Id.*) Plaintiff also alleges that at the same time, Clay prevented plaintiff's children from helping her by "blocking" them. (*Id.*) Plaintiff claims that immediately following this incident, she felt a "sudden hot sensation" in her shoulders and could not turn her head to the

---

[1]Reference to a document number, ["Doc. __"], refers to the number assigned to each document as it is filed in the court's record.

...

right. (*Id.*) She then called 911. (*Id.*) Plaintiff alleges that as a result of the attack, she sustained injuries including pinched nerves between three of her vertebras, numbness in her hands, legs, and feet, tingling in her arms, pain in her joints, headaches, soft tissue damage, spurs, and damage to her lower back. (*Id.*) Plaintiff seeks relief in the amount of $4 million. (*Id.* at 3.)

Plaintiff resides in Huntsville, Alabama. (Doc. 1 at 1.) Kruer resides in Odessa, Florida and has resided there since January, 2007. (Doc. 5-1 ¶ 2.) Clay lives half the year in Marco Island, Florida, and half in Ada, Michigan. (Doc. 5-2 ¶ 2.) At no time have either of the defendants lived in Alabama. (Doc. 5-1 ¶ 2; doc. 5-2 ¶ 2.)

Plaintiff contends the court has subject-matter jurisdiction based on diversity of the parties pursuant to 28 U.S.C. § 1332(a)(1). (Doc. 1 at 2.) Defendants appear specially and move, in part, under FED. R. CIV. P. 12(b)(2) to dismiss plaintiff's claims entirely on the ground that the court lacks personal jurisdiction over the defendants. (Doc. 6 at 1.)

**PERSONAL JURISDICTION: LEGAL STANDARD & DISCUSSION**

"The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant." *Meier ex. rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). "'A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict.'" *Id.* at 1269 (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). Sufficient evidence to defeat a directed verdict is "substantial evidence opposed to the motion such that reasonable people, in the

exercise of impartial judgment, might reach differing conclusions." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1230 (11th Cir. 2001) (per curiam) (quoting *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989)).

In this case, defendants have submitted affidavits in support of their motions; therefore, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless [defendants'] affidavits contain only conclusory assertions that [they are] not subject to jurisdiction." *Meier ex rel. Meier*, 288 F.3d at 1269 (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999)). All reasonable inferences are drawn in favor of plaintiff and her evidence is to be believed. *Id.* (citing *Madara*, 916 F.2d at 1514).

In addition to subject matter jurisdiction, the district court must also possess jurisdiction over the defendant's person, "without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotation marks and citations omitted). Indeed, FED. R. CIV. P. 12(b)(2) provides a basis to dismiss a case entirely when "the court lacks jurisdiction over the defendant's person, which raises a question as to whether the controversy or defendant has sufficient contact with the forum to give the court the right to exercise judicial power over defendant." *Mercantile Capital, LP v. Fed. Transtel, Inc.*, 193 F. Supp. 2d 1243, 1247 (N.D. Ala. 2002) (internal quotation marks and citations omitted).

It is well-settled that in diversity actions, the federal district court "may exercise jurisdiction over a nonresident defendant to the same extent as a court of that state." *Ruiz*

3

*de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355 (11th Cir. 2000) (citing *Prejean v. Sonatrach, Inc.*, 652 F.2d 1260 (5th Cir. Unit A Aug. 1981)).  ALA. R. CIV. P. 4.2(b) effectively serves as Alabama's "long-arm" statute and authorizes personal jurisdiction to the extent allowed under the United States Constitution.  *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (citing ALA. R. CIV. P. 4.2(b); *Sieber v. Campbell*, 810 So. 2d 641, 644 (Ala. 2001)).  Because Alabama grants personal jurisdiction up to the maximum constitutional limits, the court's inquiry is whether personal jurisdiction over the defendants in this case "would violate the Due Process Clause of the Fourteenth Amendment, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 925 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Specifically, there are two types of personal jurisdiction–general and specific–and the nature and quality of a defendant's contacts as required by the Due Process clause vary with each.  *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000).  The court will now examine each of these to determine if plaintiff pleads sufficient facts to establish personal jurisdiction over the defendants.

      A.    **General Personal Jurisdiction**

General jurisdiction is said to exist when the suit "does not arise out of or relate to the [defendant's] activities in the forum State." *Helicopteros Nacionales de Colombia,*

*S.A. v. Hall*, 466 U.S. 408, 414 (1984) (citations omitted).  To establish general personal jurisdiction, there must be a "showing of continuous and systematic general . . . contacts between the defendant and the forum state."  *Sherritt*, 216 F.3d at 1292 (citations omitted); *see also Helicopteros*, 466 U.S. at 414 ("due process is not offended by a State's subjecting the [defendant] to its in personam jurisdiction when there are sufficient contacts between the State and the [defendant].").

  Plaintiff's Complaint fails to allege any facts that show continuous and systematic general contacts between the defendants and Alabama.  The Complaint states that the alleged incident giving rise to plaintiff's suit occurred at a medical facility in Grand Rapids, Michigan. (Doc. 1 at 6.)  In fact, the only connection to Alabama pleaded in the complaint is that plaintiff is a resident of Huntsville, Alabama. (*Id.* at 1.)  Defendants' Memorandum of Law and Affidavits supporting their Motion make it clear that neither have any connection to Alabama. (*See* Doc. 4 at 9; doc.5-1; doc. 5-2.)  Neither of the defendants reside in Alabama. (*Id.*)  Between the two of them, Kruer and Clay have only entered the state three times in the last forty years–Kruer has passed through Alabama twice while traveling to Florida, and Clay visited once in 1967. (Doc. 4 at 9; doc. 5-2 ¶ 3.)

  Plaintiff has failed "to plead sufficient material facts to establish the basis for exercise of [personal] jurisdiction." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (per curiam) (citations omitted).  Without any evidence of "continuous and systematic general . . . contacts" between the defendants and

5

Alabama, the court cannot constitutionally exercise jurisdiction over the defendants. *Sherritt*, 216 F.3d at 1292 (citations omitted).

### B. Specific Jurisdiction

Specific jurisdiction exists when "a party's activities in the forum state . . . are *related* to the cause of action alleged in the complaint." *Eurisol*, 488 F.3d at 925 (emphasis added) (internal quotation marks and citations omitted). The Eleventh Circuit has stated that to satisfy specific jurisdiction, there are at least three criteria that a defendant's contacts with the forum state must satisfy: "they must be related to the plaintiff's cause of action or have given rise to it; they must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum; and they must be such that the defendant should reasonably anticipate being haled into court there." (*Id.*) (internal quotation marks and citations omitted). The Supreme Court elaborates that the "purposeful availment" requirement guards against a defendant being "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations omitted). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Id.* (citations omitted).

Plaintiff's Complaint fails to allege sufficient facts to establish that defendants maintained any minimum contacts with the forum such that they would reasonably expect to be haled into court in Alabama. The incident which is the basis of plaintiff's suit is

6

alleged to have occurred in Michigan. (Doc. 1 at 6.) Neither of the defendants reside in Alabama. (Doc. 4 at 9.) Further, plaintiff does not plead any facts indicating that defendants are engaged in any activities directed toward Alabama, much less any activities in the state that are related to her claims.

Given the complete absence of any contacts–related or unrelated to this suit–between defendants and Alabama, the court finds it cannot exercise personal jurisdiction over defendants consistent with the constitutional notions of "fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316 (citation omitted).

## CONCLUSION

The court finds that the Complaint contains no factual allegations which could serve as a basis for exercising personal jurisdiction over the defendants.[2] Thus, defendants' Motion is due to be granted and the Complaint will be dismissed in its entirety as set forth in the court's Order entered contemporaneously with this Opinion.

**DONE**, this the 9th day of January, 2012.

                                                      *Sharon Lovelace Blackburn*
                                                      SHARON LOVELACE BLACKBURN
                                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[2]Because the court lacks personal jurisdiction over the defendants and finds a sufficient basis to dismiss the entire Complaint, this opinion does not address defendants' arguments regarding improper venue, statute of limitations, and transfer of venue in the alternative.